# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMY KETELSEN,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 16-CV-1460-JPS
Criminal Case No. 14-CR-112–7-JPS

**ORDER**

On November 1, 2016, petitioner Amy Ketelsen ("Ketelsen") filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Docket #1). She argues that her sentence should be reduced on the basis of her playing a "minor role" in her underlying conviction for Conspiracy to Import Methylone Into the United States and Distribute and Possess with Intent to Distribute Methylone, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. §§ 841(b)(1)(C), and 846. (Docket #1). This "minor role" adjustment is based on Amendment 794 to the United States Sentencing Guidelines. *Id.* at 6.

Ketelsen's motion is untimely. Federal inmates such as Ketelsen may attack the validity of their federal sentences by filing Section 2255 motions within a one-year limitations period. This period begins to run from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Ketelsen took no appeal from her criminal judgment, and so it became final on June 11, 2015. *See* Fed. R. App. P. 4(b)(1)(A). Ketelsen was required, then, to file the instant motion not later than June 11, 2016, but did not do so until November 1, 2016.

Ketelsen asserts that her motion was filed within one year of the issuance of Amendment 794, which became effective on November 1, 2015. She believes that this is a new "fact" rendering her motion timely under Section 2255(f)(4). However, an amendment to a sentencing guideline is not a "fact" that triggers Section 2255(f)(4). *U.S. v. Andrade*, No. 1:13-CR-427, 2017 WL 35498 *2 (E.D. Cal. Jan. 3, 2017); *U.S. v. Bazaldua*, Nos. 06-CR-100 and 16-CV-2479, 2016 WL 5858634 *1 (D. Minn. Oct. 5, 2016); *Altman v. U.S.*, Nos. C16-3097 and CR12-3010, 2016 WL 5219599 *2 (N.D. Iowa Sept. 21, 2016); *Perez-Rodriguez v. U.S.*, Nos. 3:16-CV-2341-L and 3:13-CR-440-L, 2016 WL 5875027 *1-2 (N.D. Tex. Aug. 16, 2016); *see also Lo v. Endicott*, 506 F.3d 572, 574-76 (7th Cir. 2007) (in reviewing a statute of limitations paralleling Section 2255(f), the court found that a change in law does not constitute a change of "fact"). Ketelsen has thus failed to establish that her motion was presented within the applicable time limit.

As noted in the Court's screening order, only two exceptions exist which could change this result. However, Ketelsen makes no reference to the first, the "actual innocence" gateway. *See* (Docket #1). Even generously assuming that her motion invokes the second, equitable tolling, the Court sees no reason to apply that rule here. *Id.* at 6. Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that

prevented timely filing." *Socha v. Boughton* (*Socha II*), 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Socha II*, 763 F.3d at 683–84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)) (internal quotation marks omitted). Ketelsen's only reference to "diligent" efforts is a March 2016 letter asking that the gun enhancement be removed from her guideline calculation. *U.S. v. Ketelsen*, 14-CR-112-7-JPS (E.D. Wis.) (Docket #404). This has nothing to do with the instant motion. Further, other than the argument regarding Amendment 794, which the Court rejected, Ketelsen asserts no extraordinary circumstance preventing her from timely filing. The Court's finding of untimeliness is, therefore, undisturbed by any available exception.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Ketelsen must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Because no reasonable jurists would debate whether the petition should have been resolved in a different manner, the Court is compelled to deny a certificate of appealability as to Ketelsen's petition.

Finally, the Court closes with some information about the actions that Ketelsen may take if she wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the motion to vacate, set aside, or correct petitioner's sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge